*Peirce<br>v.<br>Goddard.*

*Plaintiff nonsuit.*

## John Rich *versus* Reuben Waters Junior and Trustees.

A testator bequeathed to his wife, " the use of thirty shares in the Oxford bank ; said shares, at her decease, to be equally divided between his *heirs*," and died leaving several children. It was *held*, that the reversionary interest of any one of the children in these shares was contingent, and consequently not liable to be attached as his property in the hands of the executor.

By the answers of the trustees it appears, that they are the executors of the last will of Abijah Davis ; that this will, after giving to the wife of the testator a portion of his house and furniture, proceeds as follows : — " I also give to my wife the use of thirty shares in the Oxford bank. Said shares, at her decease, shall be divided equally between my heirs. — I give to my two sons, Abijah and Loring, equally alike ; the said Abijah and Loring shall have four shares so often as my two daughters, Mary and Abigail, shall have three ; in that proportion. — I give to Erastus, my son, the use of the Bartlett farm, &c. ; said farm I estimate worth 5000 dollars. Should that be less value than Abijah's share, in that case there shall be more added to make it equal with Abijah's share. — I give to my two daughters, Mary and Abigail equally alike ; they shall have three shares so often as Abijah and Loring shall have four," &c. ; and after pecuniary legacies to the children of Mary, the respondents are named executors and empowered to sell real estate ; that the testator left five children, all of whom are now living ; that Mary Waters, the wife of Reuben Waters the defendant, is one of them ; and that the respondents have in their hands no goods, effects or credits of the defendant, unless in relation to the reversionary interest of his wife in these bank shares the Court should adjudge otherwise.

Rich
v.
Waters
and Trs.

Oct. 5th.

Oct. 22d.

*Washburn*, for the plaintiff, contended that this reversionary interest was a vested legacy in the *children* of the testator, and that consequently the share of Mary Waters was liable to attachment, as the property of her husband, in the hands of the executors. 2 Williams on Executors &c. 767 ; *Shattuck* v. *Stedman*, 2 Pick. 468 ; [see 2d ed. notes ;] *Wheeler* v *Bowen*, 20 Pick. 567 ; Revised Stat. c. 109, § 34, 62.

*Barton*, for the trustees.

PUTNAM J. drew up the opinion of the Court. The case of *Shattuck* v. *Stedman*, 2 Pick. 468, is relied upon by the plaintiff, to show that the legacy to Mrs. Waters, the wife of the principal defendant, in the will of her father Abijah Davis, was vested, and that it might be attached by the process of foreign attachment as the property of the husband in the hands of the executors of Davis.

In the case cited the testator bequeathed to his niece, Mary Childs, the interest of $ 1000, to be paid to her annually during her life, &c. and at her decease he gave and bequeathed the principal sum to be equally divided among her children, payable to them at the respective ages of twenty-one years, with interest. The testator died in 1799. Mary Childs died in 1819. She had eight children when the testator died, and her son J. C. died before she did, and after he had arrived at twenty-one years of age. And that was held a vested legacy, and the administrator of J. C. had a judgment to recover the same.

In the case at bar the testator gave to his wife the use of thirty shares in the Oxford Bank, "said shares being at her decease to be equally divided between his heirs." The distribution or payment of the principal is to be made at the death of Mrs. Davis. She is now living. Now it is wholly uncertain who will be the individuals, who are to take the remainder expectant upon the decease of Mrs. Davis. It cannot now be ascertained who will be the heirs of Mr. Davis at the time the remainder will become due and payable. There was no uncertainty in the case cited, in regard to the persons who were the objects of the testator's bounty. They were his grand children, and the right to the legacy vested in them at the death of the testator. Now unless we can construe *heirs at*

*law* to mean *children*, the case at bar cannot be governed by the case cited. We think the testator in the case at bar, intended that the property should be distributed as an intestate esta e after the decease of his wife ; and whether Mrs. Waters will ever live to take any of it as an heir of the testator, is wholly uncertain. There is no vested interest now in the wife, which the husband can reduce to possession or which his creditor can secure by attachment.

We are all of opinion that the trustees should be discharged.